**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BRIAN LEWIS**

**VERSUS**

**SAM'S CLUB STORES**

**CIVIL ACTION**

**NO. 17-200-SDD-EWD**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on June 2, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

**BRIAN LEWIS**

**VERSUS**

**SAM'S CLUB STORES**

**CIVIL ACTION**

**NO. 17-200-SDD-EWD**

**REPORT AND RECOMMENDATION**

On March 31, 2017, Plaintiff, Brian Lewis ("Lewis"), filed a Motion for Leave to File Another Civil Court Case into U.S. District Federal Court on Matter, Motion to Be Able to Get IFP Pauper Granted on New Civil Court Case for Matter, and Motion to Expedite and Grant these Motions and Answer Request by 3/31/17 or 4/3/17, Monday Morning at 9am on Matter to initiate these proceedings.[1]  It appears the crux of Lewis' complaint arises out of the termination of his employment by defendant, Sam's Club Stores.

On April 5, 2017, Lewis filed a Motion to Proceed In Forma Pauperis,[2] which was granted on April 13, 2017.[3]  The same date the IFP motion was granted, a hearing was set[4] pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine whether all or any part of this case should be dismissed as frivolous because (1) the complaint has no realistic chance of ultimate success; or (2) it has no arguable merit in terms of the arguable substance of the claims presented, both in law and in fact; or (3) beyond doubt, the plaintiff can prove no set of facts in support of her claims which would entitle him to relief.  *See, Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

---

[1] R. Doc. 1.
[2] R. Doc. 3.
[3] R. Doc. 8.
[4] R. Doc. 9.

1

Following a review of the record and after conducting the *Spears* hearing, it is **RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** for failure to state a claim.

I.   **Background**

Lewis, a *pro se* litigant, did not originally file a Complaint in this matter. Instead he filed a one page, handwritten Motion for Leave to File Another Civil Court Case into U.S. District Federal Court on Matter, Motion to Be Able to Get IFP Pauper Granted on New Civil Court Case for Matter, and Motion to Expedite and Grant these Motions and Answer Request by 3/31/17 or 4/3/17, Monday Morning at 9am on Matter.[5]   Attached to that Motion is a 29-page exhibit which contains the following: 1) correspondence from the United States Department of Justice Civil Rights Division, dated September 23, 2016;[6] 2) correspondence from Lewis to "President Donald Trump, United Nations, National Security, FBI, Department of Labor, Hollywood Ca., Movie Stars, Russia, Syria, FaceBook, Twitter, Clerk Office" that appears to want to put the recipients on notice that his employment with Sam's Club store was unfairly terminated because he accepted a tip from a customer;[7] 3) a Separation Notice Alleging Disqualification, alleging that Lewis' employment with the Sam's Club store was terminated on February 14, 2017 because Lewis violated the "Gifts and Gratitude Policy";[8] documents from the United States Equal Employment Opportunity Commission, including a Charge of Discrimination, filed by Lewis against Sam's Club on February 27, 2017 and a Notice of Right to Sue, dated March 23, 2017;[9] and what appear to be customer comment cards regarding Lewis.[10]

---

[5] R. Doc. 1.
[6] R. Doc. 1-1, p. 1.
[7] *Id.*, pp. 2-6.
[8] *Id.*, p. 7.
[9] *Id.*, pp. 8-15.
[10] *Id.*, pp. 16-29.

On April 5, 2017, Lewis filed some additional documentation into the record which is more correspondence to "President Donald Trump, United Nations, National News Stations, Russia, Syria, FaceBook, Twitter, and Clerk Office" attempting to provide further information regarding his complaints. There are numerous letters in the record to similar recipients.[11]

It appears Lewis believes he was subject to repeated harassment and that "lies were told on him" by Sam's Club store management and that Lewis may believe Sam's Club store (or some of its management) conspired with Albertson's store (and/or some of its management) to get him fired.[12]

At the *Spears* hearing, Lewis was ordered to file a complaint on the Complaint for Employment Discrimination form that was provided to him at the *Spears* hearing.[13] The undersigned explained that the complaint must include all Lewis' allegations and that it would become the operative complaint in this matter without reference to any other documents previously filed into the record. Lewis was also advised that the complaint needed to specify each individual or entity intended to be made a defendant in this action and the factual basis for the claims made against each defendant.

On May 25, 2017, Lewis filed the Complaint for Employment Discrimination on the form provided at the *Spears* hearing.[14] The Complaint, however, fails to comply with this Court's May

---

[11] *See, e.g.,* R. Docs. 4, 5, 11-14, and 20-23.
[12] A review of the records of this court shows that Lewis was a plaintiff in a prior matter, *Lewis v. JP Morgan Chase Bank*, Civil Action No. 12-747-SDD-RLB, in which he alleged that JP Morgan Chase Bank "did me wrong on my job for matter" and alleged that he was "being discriminated as a customer, and having [his] name defamation with lies of sexual harassment on matter." 12-747, R. Doc. 1, Exh. A. Lewis talked about that case at the *Spears* hearing for this matter. It appears that Lewis was employed by an Albertson's store that contained a JP Morgan Chase Bank and that Lewis was accused of harassing bank employees. That may form the basis for Lewis' apparent belief that Albertson's and Sam's Club are conspiring and "spreading lies" against him. The prior matter was ultimately dismissed with prejudice for failure to state a claim. 12-747, R. Docs. 102, 103.
[13] *Id*. at 3.
[14] R. Doc. 27.

3

15, 2017 Hearing Report and Order.[15]  The Complaint makes several references to letters that Plaintiff previously filed into the record in this matter.  Further, while the Complaint appears to list all of the individuals and entities that Plaintiff intends to name as defendants in this matter, some of the names and addresses provided are not legible.  Most importantly, the Complaint fails to allege the factual basis for the claims made against each defendant.

The Charge of Discrimination that was submitted by Lewis contains the following recitation of the facts that form the basis of his Complaint:

> I began my employment with Sam's Club in May 2015.  My supervisor accused me of stealing (taking money from customers).  My Supervisor threatened to discharge me while I was on my break counting my bill money.  She told me to stop counting my tip money and that all the money in my wallet was from tips.  She then told me that I tell lies.  She also told me that she and the Store Security Manager, Mr. Courtland, will be watching me and other co-workers, on store cameras, who take money and tips from store customers.  In addition, she said stated [sic] that Mr. Courtland will make sure the store customers and store workers will be caught on store cameras and that I would be fired.  She mentioned that she did not care how much the store customers and co-workers like me that she could see clean through me as a no good person.  I was told by Michelle Lambert, Manager, that I will not tell her lies and that she did not think I did a good job at no [sic] times. On February 14, 2017, I was discharged as a cart worker earning $10.50 per hour.  According to the company, I was discharged due to gross negligence and bad job performance.  I believe I have been retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

Additionally, the Charge of Discrimination contains a check mark next to the box labeled "RETALIATION" for the basis of the discrimination.  Similarly, Lewis' Complaint also states "retaliation and defamation of my name" as the basis for the discrimination.

---

[15] R. Doc. 25.

4

**II.    Law and Analysis**

Pursuant to the provisions of 28 U.S.C. § 1915(e), this court is authorized to dismiss an action brought *in forma pauperis* if satisfied that the action is frivolous, malicious, or fails to state a claim upon which relief may be granted.[16]  An *in forma pauperis* suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law.[17]  Similarly, a court may dismiss *sua sponte* an *in forma pauperis* complaint which, while not technically frivolous, fails to state a claim upon which relief can be granted under either 28 U.S.C. § 1915(e)(2)(B) or Fed. R. Civ. P. 12(b)(6).[18]

In making a determination as to whether an *in forma pauperis* complaint is frivolous or fails to state a claim, a court must construe the allegations of the *pro se* litigants liberally. Such litigants are held to less stringent standards than formal pleadings drafted by lawyers.[19]

Though not a model of clarity, a review of the record and the undersigned's discussions with Lewis at the *Spears* hearing make it clear that Lewis believes his employment with Sam's Club Stores was wrongfully terminated.  Lewis opted to filed a Charge of Discrimination with the EEOC which purports to allege that the basis of the discrimination was retaliation.  Similarly, Lewis' Complaint also alleges "retaliation and defamation of my name" as a basis for the discrimination.

In *Brandon v. Sage Corp.*, 808 F.3d 266, 270 (5th Cir. 2015), the Fifth Circuit stated the elements necessary to establish a prima facie case of retaliation:

> To prevail on her retaliation claims, Brandon must first establish a *prima facie* case. "There are three elements to a *prima facie* case of

---

[16] *Cf., Green v. McKaskle*, 788 F.2d 1116 (5th Cir. 1986).
[17] *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 17281733, 118 L.Ed.2d 340 (1992) (*citing Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831, 104 L.Ed.2d 338 (1989)); *Hicks v. Garner*, 69 F.3d 22, 25 (5th Cir. 1995).
[18] *Hamilton v. Trail*, No. 1:09-CV-496, 2011 WL 2971223, at *2 (E.D. Tex. June 14, 2011), *report and recommendation adopted*, No. 1:09-CV-496, 2011 WL 2970842 (E.D. Tex. July 21, 2011).
[19] *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

5

> retaliation [ ]: (1) that the plaintiff engaged in activity protected by Title VII, (2) that an adverse employment action occurred, and (3) that a causal link existed between the protected activity and the adverse action." *Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir.2002) . . . .
>
> Concerning the first element, Title VII's "opposition clause" protects employees who "oppose any practice made an unlawful employment practice by this subchapter[.]" 42 U.S.C. § 2000e–3(a). The plaintiff need not have been the target of the alleged discrimination: "employee opposition to discriminatory employment practices directed against a fellow employee may constitute activity protected under" the opposition clause. *Jones v. Flagship Int'l*, 793 F.2d 714, 727 (5th Cir.1986) . . . .
>
> Finally, "Title VII retaliation claims must be proved according to traditional principles of but-for causation, not the lessened [motivating factor] causation test[.]" *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, —U.S. —, 133 S.Ct. 2517, 2533, 186 L.Ed.2d 503 (2013).

Lewis fails to state a Title VII retaliation claim. While a review of the record indicates that he did suffer an adverse employment action, in that his employment with Sam's Club Stores was terminated, there is simply no allegation in any of the voluminous documents filed into the record to establish that Lewis was engaged in any activity protected by Title VII, nor is there any allegation that there was a causal link between such protected activity and the termination of Lewis' employment. At best, it looks like Lewis' true allegations are that he thinks his employment was wrongfully terminated, perhaps as part of some overall conspiracy arising out of an incident with his prior employment.

Under Louisiana law, when a person is employed for an indefinite period of time, he is considered an employee at-will.[20] Unless a specific contract or agreement establishes a fixed term of employment, an employer can dismiss an at-will employee at any time for any reason without

---

[20] *Stewart v. Courtyard Management Corp.*, 155 Fed. Appx. 756, 758 (5th Cir. 2005) (citation omitted).

6

incurring liability for the discharge.[21] In the instant case, there is no indication that Lewis had an employment contract with Sam's Club Stores, thus, unless Lewis can establish the basis for a Title VII claim, he fails to state a basis here for a claim arising out of the termination of his employment.

It also appears Lewis is attempting to assert various state law claims, including a claim for defamation. However, federal courts are courts of limited jurisdiction, empowered to hear only such cases and controversies as defined by the United States Constitution and by statute.[22] In cases involving both federal law and state law claims, the state law claims fall within the Court's supplemental jurisdiction under 28 U.S.C. § 1367.[23] However, the Court can only exercise supplemental jurisdiction over the state law claims if they form part of the same case or controversy as the federal law claims. Thus, the Court cannot exercise supplemental jurisdiction over Plaintiff's state law claims until Plaintiff establishes that this Court has subject matter jurisdiction over his Title VII claims.

### III.   Conclusion

Following a *Spears* hearing in this matter and an opportunity for plaintiff, Brian Lewis, to submit a Complaint for Employment Discrimination, and a thorough review of the documentation submitted into the record, it is the **RECOMMENDATION** of the undersigned that this matter be **DISMISSED WITH PREJUDICE** for failure to state a claim under 28 U.S.C.§ 1915(e)(2)(B).

The Clerk of Court is directed to provide the Notice and Report and Recommendation to

---

[21] *Id.* (quotation omitted).
[22] *See, Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001).
[23] *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387, 118 S.Ct. 2047, 2051, 141 L.Ed.2d 364 (1998).

7

plaintiff, Brian Lewis, via certified mail, return receipt requested.

    Signed in Baton Rouge, Louisiana, on June 2, 2017.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**